HÉCTOR A. DELIZ, PERMIT OFFICIAL, Petitioner, *v.* BOARD OF BUILDING APPEALS and RAMÓN CRUZ FONTÁNEZ, Respondents.

No. 1. Argued November 7, 1949.—Decided March 31, 1950.

*José L. Purcell* and *Manuel Janer Mendía* for petitioner. *Ciro Malatrasi, Jr.,* for the respondent Board. *Rafael Arjona Siaca* for the respondent Cruz Fontánez. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* for the Planning Board, as *amicus curiae.*

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The Permit Official refused to permit Ramón Fontánez to continue the construction of a certain building that had been started without previous authorization. Fontánez appealed to the Board of Building Appeals which on a reasoned decision reversed the Permit Official and authorized the continuation of the works, subject to certain conditions. Invoking § 26 of Act No. 429 of 1946 (p. 1218), the Permit Official took an appeal to this Court for review of the decision of the Board. Both the Board and Fontánez pray for the dismissal of the appeal alleging that the Permit Official has no legal capacity to seek such review. The pertinent portion of the Act involved herein provides as follows:

"Any party directly interested in the issuance or refusal of a building, sanitary, or building or land-use permit, against which a petition for reconsideration has been filed within a term of fifteen (15) days with the Board of Building Appeals and a decision has been entered thereon by it, may present certified copies of any such decisions or actions within the term of fifteen (15) days from the date of notification of such decision or resolution of the Board of Building Appeals, for its review before the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court, which has exclusive jurisdiction to review said actions or decisions, may be granted and shall be limited exclusively to questions of law."

The question for decision is whether the Permit Official is "a party directly interested" pursuant to said § 26. To this end we must first determine the functions of the Per-

mit Official and those of the Board. Under § 3 of the aforesaid Act, the functions of the Permit Official are: ". . . To apply and see to the enforcement of all laws and regulations governing the construction of buildings in Puerto Rico . . ." On the other hand, upon referring to the duties and functions of the Board, § 26 of the same Act provides:

"The Board of Building Appeals may enter any order, requirement, decision, or determination as, in its opinion, ought to be made (1) in consideration of damages caused by special circumstances, (2) for arbitrary refusal to issue the necessary permits, or (3) for any other reason authorized by the regulations of the Puerto Rico Planning, Urbanizing, and Zoning Board adopted under this Act; *and to that end the Board of Building Appeals shall have the same powers of the official or body from whose ruling the appeal is taken.*" (Italics ours.)

Explaining the functions of the Permit Official and those of the Board, William H. Ludlow, in his Report to the Puerto Rico Planning, Urbanizing and Zoning Board, states on page 69:

"In relation to zoning, the function of the Permit Official is to apply very strictly all the zoning provisions relating to the building or parcel of land in question. He is not authorized to use judgment as to the reasonableness of any provision as it applies to a specific piece of property, or to vary in any way or for any reason the strict application of the Zoning Regulations. However, it is recognized, and experience in continental cities has shown, that in certain cases, because of such factors as the small size, narrowness or unusual shape or topography of a lot, or other peculiarities, the Zoning Regulations will be unreasonable and certain variances should be allowed. Therefore, an appeal may be taken from any decision of the Permit Official to the Board of Building Appeals in regard to the interpretation of the Regulations or their application to a specific piece of property.

"    .      .      .      .      .      .      .      .

"The Board of Building Appeals . . . will exercise their good judgment in the application of the Zoning Regulations in specific cases which are brought to them on appeal from a ruling by the Permit Official. . . .

"The Board of Building Appeals is empowered to make variances only within limits of the general intent and spirit of Zoning Regulations and within specific provisions for their guidance which are included in the Zoning Regulations.

"In the preparation of the Zoning Regulations, it was recognized that each lot to which the Regulations apply presents, in a sense, a case slightly different from any other lot. The Zoning Regulations are so drawn that they may be applied reasonably to the great bulk of lots in any district. The function of the Board of Building Appeals is in relation to those few lots in a district to which the Zoning Regulations do not reasonably apply. But the Board, in granting variances, will make every attempt to harmonize the development of the lot in question with the neighborhood in which it is located and with the intent of the Zoning Regulations for that district. The Board of Building Appeals, however, may not grant variances which constitute an obvious change in the boundaries of a zoning district. The power to change the Zoning Map rests solely with the Planning Board."

Under § 3, the pertinent part of which was copied above, and pursuant to Ludlow's report, the duties of the Permit Official are merely ministerial. They are designed to see that every applicant complies with the laws and regulations concerning building. So, if the application does not conform strictly with the statute, his sole function is to refuse the permit. On the other hand, the Act gives the Board ample discretion to make variances within the provisions of the Zoning Regulations whenever, in specific cases, the Regulations may not be fairly and reasonably applied. And § 26 itself provides, as we noted, that when an appeal is taken from a decision of the Permit Official to the Board, the latter shall have the same powers of said official. In other words, when an appeal is taken, the Permit Official vanishes from the scene giving way to the Board. Under these circumstances, we are of the opinion that the only parties directly interested in the appeal to this Court are those who might be directly prejudiced by the decision of the Board of Building Appeals.

132

Since the 'Permit Official is not a party directly affected by the decision of the Board, he has no interest to apply for the review.

The appeal will be dismissed.